a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **MONTREAL LINN,** Plaintiff | **CIVIL DOCKET NO. 3:22-CV-06258** |
| **VERSUS** | **CHIEF JUDGE TERRY A. DOUGHTY** |
| **U CHAIN,** *ET AL.*, Defendants | **MAGISTRATE JUDGE PEREZ-MONTES** |

## REPORT AND RECOMMENDATION

Before the Court are two Motions to Dismiss (ECF Nos. 23, 34) filed by Defendants Universal Chain of Texas, LLC, Michael Croker, Joey Curry, and Mike Peterson. Defendants seek dismissal of the Complaint (ECF No. 1) and Amended Complaints (ECF Nos. 12, 17, 33) filed by pro se Plaintiff Montreal Linn ("Linn").

Because Linn's Complaint is untimely, and he fails to state a claim for which relief can be granted, the Motions to Dismiss (ECF Nos. 23, 34) should be GRANTED, and the Complaint and Amended Complaints (ECF Nos. 12, 17, 33) should be DENIED and DISMISSED WITH PREJUDICE.

### I. Background

Linn filed a Complaint on December 29, 2022, alleging that he was discriminated and retaliated against by his employer "U Chain" due to his age and disabilities. ECF No. 1 at 1. Linn provides no factual allegations, but states that he filed a claim with the Equal Employment Opportunity Commission ("EEOC") and received a decision on September 16, 2022. *Id.*

Linn later supplemented the Complaint with a copy of a form he reportedly filed with the EECO alleging:

> I began working for the Respondent on August 25, 2021, as an Order Selector. On September 5, 2021, I was terminated for allegedly slow production. I recently spoke with the Respondent about my prior employment and was told I would be rehired. I was then told, due to my filing complaints, I would not be rehired. I believe the Respondent discriminated against me on the basis of a disability, my age (Y.O.B. 1979), race (Black) and in retaliation for engaging in protected activity, in violation of the American with Disabilities Act of 1990, as amended, the Age Discrimination in Employment Act of 1967, as amended, and Title VII of the Civil Rights Act of 1964, as amended.

ECF No. 5.

On March 2, 2023, Linn filed an Amended Complaint adding the following Defendants: Mike Peterson ("Peterson"), Joe Curry ("Curry"), and Michael Croker ("Croker"). Linn stated that he was told by Peterson that he would be rehired by "U Chain" in Longview, Texas. ECF No. 12 at 2. Over a three month period, Peterson led Linn to believe he was going to be rehired. Peterson allegedly changed his mind after hearing about complaints that Linn had made against "U Chain." *Id.*

Linn filed another Amended Complaint requesting the following relief: "economic, compensatory, punitive, monerarty [sic], nominal, liquidated, breach of contract, back pay, mental anguish, lost wages, pain suffer discrimination, wrongfully termination, age, ADA, Equal Pay Act, disabilities, civil rights and all damages." ECF No. 17.

Defendants filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b) on April 24, 2023. ECF No. 23.

On May 19, 2023, Linn filed a Third Amended Complaint presenting a claim for breach of contract against all Defendants. ECF No. 33.

Defendants filed a second Motion to Dismiss, seeking dismissal of Linn's Third Amended Complaint under Rule 12(b). ECF No. 34.

## II. Law and Analysis

### A. Linn does not present a plausible right to relief.

#### 1. Rule 12(b)(6) Standard

Under Fed. R. Civ. P. 12(b)(6), a court may dismiss all or part of a complaint for "failure to state a claim upon which relief can be granted."[1] But a complaint should not be dismissed "if it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)) (internal citation and quotation omitted).

A complaint fails to state a claim upon which relief may be granted when it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d

---

[1] And Fed. R. Civ. P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

3

239, 245 (5th Cir. 2010). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires more than the mere possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

While pro se complaints are held to less stringent standards than those drafted by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not prevent a motion to dismiss." *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quotation omitted).

    2.    <u>Linn fails to state a viable discrimination claim.</u>

Linn asserts claims for employment discrimination under Title VII, 42 U.S.C. § 2000e-5(f)(1); the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12117(a); and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626(e). However, his Complaints (ECF Nos. 1, 12, 17) contain no factual allegations. And

4

the "Charge of Discrimination" form he filed with the EEOC and attached to his Complaint contains only "naked assertions" and "the-defendant-unlawfully-harmed-me-accusation[s]." *Iqbal*, 556 U.S. at 678. Linn's blanket allegation that he was discriminated against because of his race, age, sex and unspecified disability does not suffice.

Moreover, Linn's claims against employees and supervisors of Universal Chain, Peterson, Curry, and Croker, should be dismissed. Employees and supervisors are not individually liable under Title VII, *Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002) (citations omitted), the ADA, *Coon v. Richland Par. Tax Comm'n*, 2019 WL 2403000, at *8 (W.D. La. June 4, 2019), or the ADEA, *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 686 (5th Cir. 2001).

### 3. Linn fails to state a breach of contract claim.

Linn alleges a breach of contract because he was supposed to be paid a certain rate per hour. ECF No. 33. However, Linn does not allege that he had a contract of employment for a definite term. When there is no defined term or duration of employment, the employment is "at will" under Louisiana law. *See* La. Civ. Code art. 2747; *Read v. Willwoods Community*, 2014-1475 (La. 3/17/15), 165 So.3d 883, 887.

### B. Linn's Complaint is untimely.

A claimant must initiate a Title VII, ADA, or ADEA civil action within 90 days of receiving a "right-to-sue" notice from the EEOC. *See* 42 U.S.C. § 12117(a)

5

(incorporating by reference 42 U.S.C. § 2000e–5); *Lee v. Columbia/HCA of New Orleans, Inc.*, 611 F. App'x 810, 812 (5th Cir. 2015).

Linn alleges that he filed a complaint with the EEOC and received a "right-to-sue" notice on September 16, 2022. [2] ECF No. 1 at 1. Thus, Linn had until December 15, 2022, to file suit in federal court. Linn's Complaint was not filed until December 29, 2022. Therefore, the Complaint is untimely.

Title VII's limitations period is not jurisdictional and may be equitably tolled. *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010). Linn does not expressly invoke equitable tolling, but he attaches to his Complaint a letter indicating that he was incarcerated from June 21, 2022, through July 28, 2022. ECF No. 1-1 at 6. This could be relevant if the Court determined the 90-day deadline commenced on June 22, 2022—the date of the "right to sue" notice attached to the Complaint. However, the undersigned construed the commencement date as September 16, 2022, the date Linn was allegedly notified of his right to sue. This date is well after Linn was released from custody. Therefore, to the extent Linn seeks tolling based on his brief incarceration, the request should be denied.

### III. Conclusion

Because Linn fails to state a claim for which relief can be granted and his Complaint is untimely, IT IS RECOMMENDED that the Motions to Dismiss (ECF

---

[2] Although Linn alleges that he received notice of his right to sue on September 16, 2022, Linn attached documents to his pleadings indicating that: (1) the notice was dated June 22, 2022 (ECF No. 1-1); and (2) he accessed or downloaded the notice as early as July 29, 2022 (ECF No. 25-1 at 4-5). Linn later indicates that the first notice contained an error. ECF No. 29. Still, even using the later date of September 16, 2022, the Complaint is untimely.

Nos. 23, 34) be GRANTED and Linn's Complaint (ECF No. 1) and Amended Complaints (ECF Nos. 12, 17, 33) be DENIED AND DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, September 5, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE